STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of David and Candy     }
Hough                                }
                                     }   Docket No. 100-7-01 Vtec
                                     }
                                     }

Decision and Order

Appellants David and Candy Hough appealed from a decision of the Development Review Board (DRB) of the City of Barre, denying A site plan review to operate a home occupation.@ The word A Appellant@ in the singular refers to Appellant David Hough, who owns and operates the repossession business at issue in the present appeal. Appellant David Hough appeared and represented himself; the City is represented by Oliver L. Twombly, Esq.; Marjorie Bartlett, Shirley Quinlan, and John and Elinor Bagalio intervened as interested parties and represented themselves. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit with the parties. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence[1], the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellants own residential property at 61 Warren Street, near Merchant Street, in the Planned Residential zoning district. The property has approximately184 feet of frontage and a depth of approximately 156 feet[2]. The rear property line of approximately 160 feet adjoins the Barre Auditorium-BOR property parking lot, which is located at a higher elevation than Appellants= property. Also, the property adjoining Appellants= property on the easterly side from the rear property line forward approximately 74 feet is at a substantially higher elevation than Appellant= s property and is held by a retaining wall.

Appellants= property is approximately 24 feet wider at Warren Street than it is along the rear property line. Appellants= site plan shows the extra width extending from Warren Street towards the rear of the property approximately 82 feet[3], where it meets the retaining wall on the northerly boundary of the higher-elevation adjoining property. Appellants now propose to enclose this approximately 24' x 82' rectangle with a fence in connection with the present application.

Appellant operates a professional private investigator business conducting A skip searches and collateral recovery@ or repossessing vehicles, boats and other collateral. He does work in association with Tri-City Auto Recovery, a business operating out of Schenectady, New York, which contracts with banks to provide repossession services through local independent contractors such as Appellant. Appellant repossesses three to six vehicles a week, or from twelve to twenty-five vehicles in a month. The vehicles stay in Appellant= s possession for approximately 48 to 72 hours before they are picked up by the company, so that at any time Appellant will have from six to eleven vehicles in his possession. Most of the vehicles are passenger vehicles, but they may include campers, trucks, motorcycles, skidders, the tractor portion of tractor-trailer trucks, boats and even office equipment. At the present time Appellant rents a horse barn in Williamstown in which to store the vehicles, but the location and rental of that barn adds to Appellant= s business expense and logistical inconvenience. He also can store larger equipment at a friend= s property in Cabot.

Appellant has maintained an office in his home for the last six years from which he operates the business, including office equipment such as his computer, fax machine, telephone and files.

Prior to making this application, at times Appellant had brought repossessed vehicles to his property, occasionally at night.

Appellants originally applied to fence the entire front property line and to fence both side property lines back 82 feet, as shown on Exhibit 3. Appellant holds a permit to install 300 feet of eight-foot-high solid stockade fencing, of attractive appearance. That permit was not introduced in evidence. In the proceedings before the Environmental Court, however, Appellants reduced their proposal to propose fencing and using for Appellant=s repossession business only the approximately 24' x 82' rectangle (1968 square feet) along Appellants= easterly property line, to be fenced with an 8-foot-high stockade fence, and to store up to 15 vehicles within that enclosure at any given time, as well as to use the home office for the business.

Appellants= residence is located in the northwest corner of Appellants= property. It is 38' x 36' in size, occupying a footprint of 1368 square feet. Appellants= existing 10' x 28' garage is located centrally on Appellants= property. Appellants= westerly side property line adjoins another residential property. Appellants= easterly side property line adjoins the parking area for a commercial printing and copying business known as Globe Press. A Venetian blind laundry business and glass shop are also located in the neighborhood. Appellants= property is located on Warren Street near Merchant Street, which is a busy mixed-use street leading to Route 14. Across Warren Street from Appellants= property is a chiropractic clinic. Warren Street is used as a short cut for traffic into and out of Barre. The neighborhood is otherwise a peaceful residential neighborhood of older homes, affected somewhat by the noise from the use of the Barre Auditorium and BOR buildings and parking lot, and the traffic noise on Merchant Street.

In the Planned Residential zoning district, the following uses are permitted uses: one-family, two-family and multiple-family dwellings; public housing for the elderly; planned residential developments; home occupations; professional residence-offices; parish houses; and underground public utility wires or gas utility systems. Enclosed accessory buildings connected with permitted uses also qualify as permitted uses. ' 5.14.02(a). The following uses are conditional uses in the district: hospitals, mobile home parks, neighborhood grocery stores, schools, community centers, mortuaries, religious institutions, public housing, radio and television studios (exclusive of transmission towers); private schools, and state facilities. ' 5.14.02(b) and (c). In addition, under ' 5.32.03(a), site plan approval is required before a zoning permit may be issued for any use or structure other than for residential uses up to four units. No other uses or use categories are within the approvable classes of uses in this district, in contrast to other districts in which A other similar uses@ are allowed upon conditional use approval. Compare ' 5.14.02(b) with, e.g., ' 5.20.02(b).

The state protection for home occupations found in 24 V.S.A. ' 4406(3) provides that no municipal zoning regulation A may infringe upon the right of any resident to use a minor portion of a dwelling for an occupation which is customary in residential areas and which does not change the character thereof.@ The state protection focuses only upon the use of the dwelling itself, and requires that the home occupation not change the character of the > residential area.= The Supreme Court has ruled that such protection may extend to the exterior of the dwelling, that is, to a porch or deck attached to and reasonably construed to be part of the dwelling. In re Appeal of Herrick, 170 Vt. 549, 550-51 (1999). However, nothing in the state statute or the Herrick case extends that protection to use of the yard or grounds of a residential property. If the legislature had wished to do so, it could have written the protection as A a minor portion of a residential property@ rather than of A a dwelling.@

Section 5.2.03 of the City of Barre Zoning Regulations defines A home occupation@ as A accessory use of a service character conducted within a dwelling by an occupant thereof, which is clearly secondary to the dwelling used for living purposes by the occupant, and which does not change the residential character thereof.@ This definition also requires that no more than two non-family members may be employed in the home occupation; the zoning regulations do not

otherwise regulate or limit home occupations. Although the intent of the City to track the state statute may be inferred from the final phrase of the quoted definition, the City=s definition does not require the occupation to be customary in residential areas. Further, from a strictly grammatical reading, the City=s definition requires that the home occupation not change the residential character of the dwelling itself, but does not impose any requirements on its effect on the surrounding neighborhood.

To analyze Appellants= application for approval of the home occupation and for site plan approval of the outdoor fenced storage area for storage of repossessed vehicles, we must separately consider the aspects of the business proposed to be carried on within the dwelling, and the aspects of the business proposed to be carried on elsewhere on Appellants= property.

The aspects of Appellant=s private investigation and repossession business operated from his home office, including his use of a minor portion of the house as an office, his storage of files, his use of the telephone and his coming to and going from the house in his own personal vehicle at any hour, all fall within the definition of home occupation in the Barre regulations. It is accessory to the use of the dwelling for residential purposes, and it is conducted within the dwelling. Appellant does not propose to employ any non-family members. Accordingly, Appellant may operate the office aspects of his private investigation and collateral recovery business as a home occupation[4] at his residence.

The aspects of Appellant=s private investigation and repossession business proposed to be operated within a fenced outdoor storage area on his property do not fall within the definition of home occupation or any other permitted or conditional use for the Planned Residential zoning district. Most importantly, the outdoor vehicle storage area is not > within the dwelling= as required by the definition of home occupation in the Zoning Regulations, nor is it attached to the dwelling such as the porch or deck in the Herrick case. The area is not an > enclosed accessory building= connected with a permitted use as permitted by ' 5.14.02(a). Even if it met those requirements, it is not > clearly secondary= to the dwelling, as it occupies a footprint (1968 square feet) approximately half again as large as the footprint of the house (1368 square feet). While it might be possible to limit the hours of use of the enclosure and the size of the vehicles to occupy the enclosure, so that the use of the enclosure would not change the residential character of the neighborhood or of Appellant=s dwelling, the proposal for the enclosure simply does not fall within the definition of home occupation in the City of Barre Zoning Regulations, nor does it fall within the protection for home occupations in the state statute.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= application for a fenced outdoor storage area for repossessed vehicles on his residential property at 61 Warren Street is DENIED, as it does not fall within the definition of home occupation, enclosed accessory building, or any other permitted or conditional use in the Planned Residential zoning district. This denial is without prejudice to any future revised application under the Zoning Regulations. It is hereby ORDERED and ADJUDGED that Appellant=s application to operate the office aspects of his private investigation and collateral recovery business as a home occupation within his dwelling at 61 Warren Street is GRANTED, as it meets the regulatory requirements for a home occupation as a permitted use in the Planned Residential zoning district.

Dated at Barre, Vermont, this 28th day of December, 2001.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1.   Ms. Quinlan filed additional documents with the Court on or about October 12, 2001. These documents are a deed and a 1974 City Engineer's plot plan pertaining to the Hough property. The Court cannot consider any evidence unless it is submitted at the trial, or the trial is reopened under V.R.C.P. 59 or 60 to take newly-discovered evidence. Accordingly, this additional evidence was not considered in the present decision, but the parties may wish to address it in any future proceedings before the DRB.
Similarly, any recounting of incidents between the parties not given in evidence at the trial was not considered by the Court.

2.   All measurements are taken from Appellants' hand-drawn plot plan in evidence as Exhibit 3. Any discrepancies between that plot plan and the 1974 City Engineer's plan cannot be addressed by the Court in the present case. See footnote 1, above.

3.   The 1974 City Engineer's plan shows that property line as extending only approximately 44 feet to the rear, which would mean that not all of the property proposed to be fenced by Appellants is owned by Appellants, but that some of it belongs to the Globe Press property. However, any discrepancies between that plot plan and the 1974 City Engineer's plan cannot be addressed by the Court in the present case. See footnote 1, above.

4.   Appellant's business office may also qualify for approval as a professional residence-office, which is also a permitted use in this zoning district, but we do not rule on that question as he does not appear to have applied under that use category.